UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

VICKI ARCHER,                    )
                                 )
        *Plaintiff*,             )
                                 )         1:23-cv-02189-JMS-MG
        *vs.*                    )
                                 )
KOHL'S INDIANA, L.P.,            )
                                 )
        *Defendant.*             )

## ORDER

Defendant has removed this matter to this Court, and has alleged that this Court has diversity jurisdiction over this matter.  The Court notes the following issues with the jurisdictional allegations in Defendant's Notice of Removal:

- Defendant alleges that it is "incorporated under the laws of the State of Delaware, with its principal place of business in…Wisconsin and is a citizen of both Delaware and Wisconsin." [Filing No. 1 at 2.]  But Defendant's name is "Kohl's Indiana, L.P.," indicating that it is a limited partnership and not a corporation.  The citizenship of an unincorporated association is "the citizenship of all the limited partners, as well as of the general partner." *Hart v. Terminex Int'l*, 336 F.3d 541, 542 (7th Cir. 2003).  "[T]he citizenship of unincorporated associations must be traced through however many layers of partners or members there may be." *Id.* at 543.  Asserting that all members are citizens of a certain state, or that no members are citizens of a certain state, is insufficient.  *See Guaranty Nat'l Title Co., Inc. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996) (alleging that all partners of limited partnership were citizens of Massachusetts was insufficient to establish diversity jurisdiction); *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007) ("blanket declaration" that partners of limited liability company were citizens of state different than state of opposing party's citizenship was insufficient to establish diversity jurisdiction).  Rather, the removing party must provide the name and citizenship of each member, traced down to the lowest layer, in order for the Court to determine whether diversity jurisdiction exists.  *See Guaranty Nat'l Title Co., Inc.* 101 F.3d at 59 (in order to determine citizenship of a limited partnership, court "need[ed] to know the name and citizenship(s) of its general and limited partners").

- 1 -

- Defendant has pled allegations relating to the amount in controversy on information and belief. Jurisdictional allegations must be made on personal knowledge, not on information and belief, to invoke the subject matter jurisdiction of a federal court. *See America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) (only a statement about jurisdiction "made on personal knowledge has any value" and a statement made "'to the best of my knowledge and belief' is insufficient" to engage diversity jurisdiction "because it says nothing about citizenship").

The Court is not being hyper-technical: Counsel has a professional obligation to analyze subject-matter jurisdiction, *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012), and a federal court always has a responsibility to ensure that it has jurisdiction, *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009). The Court must know the details of the underlying jurisdictional allegations because parties cannot confer jurisdiction on the Court simply by stipulating that it exists. *See Evergreen Square of Cudahy v. Wisconsin Housing and Economic Development Authority*, 776 F.3d 463, 465 (7th Cir. 2015) ("the parties' united front is irrelevant since the parties cannot confer subject-matter jurisdiction by agreement…and federal courts are obligated to inquire into the existence of jurisdiction *sua sponte*").

For these reasons, the Court **ORDERS** Defendant to file an Amended Notice of Removal by **December 22, 2023**, which addresses the issues outlined in this Order and properly alleges a basis for this Court's diversity jurisdiction.[1] Plaintiff is reminded of her obligation to file a statement within thirty days of Defendant's filing of the Amended Notice of Removal pursuant to Local Rule 81-1, which provides:

> Within 30 days after the filing of the notice of removal, every plaintiff who has not filed a motion to remand must file a statement responding to the notice of removal's allegations as to the citizenship of the parties and the amount in controversy. If the plaintiff lacks sufficient information upon which to form a belief about those

---

[1] The Court notes that Defendant refers to itself as "Kohl's Inc." in the last paragraph of the Notice of Removal. [Filing No. 1 at 3.] Counsel must ensure that it is referring to the proper entity in all future filings.

allegations despite meeting and conferring in good faith with the removing party about them, the plaintiff may so state.

The parties are advised that, to the extent the Amended Notice of Removal and the Local Rule 81-1 Statement reflect anything other than total agreement regarding any jurisdictional allegations, the Court will require the parties to conduct whatever investigation is necessary and file a joint jurisdictional statement confirming that all parties are in agreement with the underlying jurisdictional allegations before the litigation moves forward.

Date: 12/7/2023

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**<u>Distribution via ECF only to all counsel of record</u>**